FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 19 2017

JAMES W. McCORMACK, CLERK
By: _____
DEP/CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| BRANDY COTTON, individually and on behalf of all others similarly situated, | Civil Case Number: _3:17-cv-00157 DPM_ |
| Plaintiff, | **CIVIL ACTION** |
| -v- | |
| NORTHLAND GROUP, INC. and JOHN DOES 1-25, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ~~and to be assigned to District Judge~~ _MARSHALL_ and to Magistrate Judge _DEERE_ |

Plaintiffs, BRANDY COTTON (hereinafter, "Plaintiff"), an Arkansas resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC against Defendant NORTHLAND GROUP, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.  Plaintiffs brings this class action on behalf of a class of Arkansas consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6.  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.  The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of a consumer debt.

8.  The Plaintiff specifically alleges that the Defendant violated section 15 U.S.C. 1692e of the FDPCA by making false, deceptive, and misleading representations in connection

with the collection of a debt.

9. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

10. Plaintiff is a natural person and a resident of Jonesboro, Arkansas, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

11. Defendant is a collection agency with its principal office located in Minneapolis, Minnesota.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

14. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

15. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

   a. CLASS A: All consumers (1) with addresses in the State of Arkansas, (2) who were sent collection letters and/or notices from the Defendant attempting to collect a debt or alleged debt, (3) which state "Please be aware that if the amount of principal debt forgiven as a result of settlement is equal to or greater than

$600.00, Razor Capital may be required by Internal Revenue Code Section 6050P to issue a form 1099c" (4) where such reporting would never have occurred (4) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

   b. CLASS B: All consumers (1) with addresses in the State of Arkansas, (2) who were sent collection letters and/or notices from the Defendant attempting to collect a debt or alleged debt, (3) which do not accurately reflect which creditor the Defendant is collecting for (4) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e.

19. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

4

20. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

21. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e.

    (c)  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    (d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits,

complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to February 2, 2017, an obligation was allegedly incurred by Plaintiff to Comenity Bank ("Comenity").

26. The Comenity obligation arose out of a personal credit card debt in which money, property, insurance or services, which are the subject of the transactions utilized on the personal credit card, are primarily for personal, family or household purposes.

27. The alleged Comenity obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5) ("Comentiy debt").

28. Comenity is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

29. Comenity sold or assigned the alleged debt to a third party.

30. Defendant contends that the Comenity debt is past due.

31. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

32. On or about February 2, 2017, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged Comenity debt. *See* **Exhibit A.**

33. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

34. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

35. The Letter listed Absolute Resolution Corporation as the current creditor.

36. However, in the body of the Letter referenced an entity named Razor Capital: "Please be aware that if the amount of principal debt forgiven as a result of settlement is equal to or greater than $600.00, Razor Capital may be required by Internal Revenue Code Section 6050P to issue a form 1099c."

37. The Collection Letter further stated three separate times 'Client Code: RAZR', thereby indicating that Razor, and not Absolute, is the current creditor and Defendant's client.

38. The Plaintiff, as would any least sophisticated consumer, was left unsure as to the identity of the creditor that Defendant is collecting for.

39. The least sophisticated debtor would undoubtedly be left confused and unsure as to such basic information as who they should make their check out to, should they choose to accept the settlement offer.

40. The Letter further stated that the Plaintiff had a current balance due of $364.50.

41. The Letter further offered to settle the Plaintiff's account for $127.56, thereby discharging $236.94 of the debt.

42. The Letter further stated:

> "Please be aware that if the amount of principal debt forgiven as a result of settlement is equal to or greater than $600.00, Razor Capital may be required by Internal Revenue Code Section 6050P to issue a form 1099c".
> *See,* Exhibit A.

43. The above statement, leaves out and fails to account for corresponding regulations in 26 U.S.C. §6050P, which make clear that discharged debts may not be reported when an exception applies.

44. IRS Regulation 1.6050P requires that an 'applicable entity' report a cancellation or discharge of indebtedness under certain circumstances, but only when the forgiveness of the principal is in excess of $600.00.

45. In the context of this Collection Letter, Defendant's statement that the IRS may require Razor Capital to file Form 1099-C can be read in two or more ways (either that the IRS will require Razor Capital to file a Form 1099-C or will not require Razor Capital to file a 1099-C), one of which is inaccurate.

46. The natural reading is that the event may – or may not – come to pass. The term "may" connotes a possibility that the discharged debt could be reported. As a practical matter,

IRS reporting would <u>never</u> come to pass in the settlement of this $364.50 debt.

47. "The least sophisticated debtor, given a generally applicable rule with some, but not all, of the relevant exceptions thereto, might be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The conditional "may" of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be deceived into thinking that the Defendant must or will report certain amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statue and regulations." *See Velez v. Enhanced Recovery Company, LLC,* 2016 WL 1730721 (EDPA 2016).

48. As such, the above statement in the Collection Letter is false, deceptive and misleading.

49. There was no reason to include this tax statement in this Letter.

50. This unnecessary statement is materially misleading because *inter alia*:

    a. It needlessly injects the IRS into the collection process;

    b. It confuses the least sophisticated consumer to believe that he might have to pay a certain amount to avoid IRS reporting;

    c. It injects confusion as discharge of alleged indebtedness is not always taxable; and

    d. The statement can negatively influence someone contemplating bankruptcy. The underlying debt here would almost always be dischargeable. However, any tax obligation that is created by the cancellation of the underlying debt would be non-dischargeable for at least three years. *See,* 11 USC 523(a)(1)(A) and 11 USC 507(a)(8)(A)(i).

51. The statement noted in Paragraph 42 is further misleading as it references a company

(Razor Capital) that may not be the Current Creditor

52. Upon information and belief, Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts, wherein the Defendant needlessly uses implicates the IRS in its collection efforts.

53. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

54. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons residing in the State of Arkansas within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

58. Pursuant to 15 U.S.C. §1692e(10), a debt collector is prohibited from utilizing a false representation or deceptive means to collect or attempt to collect a consumer debt.

59. Defendant's collection letter violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(10), by including misleading statements about possible reporting to the IRS and by including

language in the collection letter that would mislead and confuse the least sophisticated

consumer as to the identity of the current creditor on the account.

60. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and Plaintiff's counsel as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: June 15, 2017

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone

(732) 298-6256 facsimile
Yzelman@marcuszelman.com
Attorneys for Plaintiff



**Northland Group Inc.**

P.O. Box 390846
Minneapolis, MN 55439
Mail Code REZ1

866-699-2649 ext 3728
For General Business Hours, please visit us at:
www.payments2northland.com

February 2, 2017

Brandy Cotton

**ACCOUNT INFORMATION**
**Original Creditor:** COMENITY BANK
**Current Creditor:** Absolute Resolutions Corporation
**Regarding:** KING SIZE
**Original Account #:** **************8618
PAYMENT ADDDRESS:
P.O. Box 390846, Minneapolis, MN 55439
**NORTHLAND REFERENCE NUMBER**
F82018814
**CURRENT BALANCE DUE:** $364.50
**Settlement Offer: $127.56**



---

Your Past Due Account Balance $364.50
Your Settlement Offer $127.56

---

The creditor will allow you to settle your account for $127.56 in 3 payments starting on 02/23/17. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Once all three payments have been paid to our office on time, a letter will be sent confirming the above referenced account has been resolved. Please send in the payments along with a payment stub to the address below.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

 **Pay Online:** www.payments2northland.com

 **Pay by Phone:** Please call Northland Group, Inc. at 866-699-2649 ext 3728.
We offer check by phone, Western Union, and debit card.

**Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

Please be aware that if the amount of principal debt forgiven as a result of settlement is equal to or greater than $600.00, Razor Capital may be required by Internal Revenue Code Section 6050P to issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended you consult with a certified public accountant or other tax professional.

33-0202_5_33 2869

| **1 of 3** | **2 of 3** | **3 of 3** |
|---|---|---|
| **Northland Reference #:** | **Northland Reference #:** | **Northland Reference #:** |
| Client Code: RAZR | Client Code: RAZR | Client Code: RAZR |
| Original Account #: **************8618 | Original Account #: **************8618 | Original Account #: **************8618 |
| Mail Payment to: | Mail Payment to: | Mail Payment to: |
| Northland Group, Inc. | Northland Group, Inc. | Northland Group, Inc. |
| P.O. Box 390846 | P.O. Box 390846 | P.O. Box 390846 |
| Minneapolis, MN 55439 | Minneapolis, MN 55439 | Minneapolis, MN 55439 |
| Or pay online at: | Or pay online at: | Or pay online at: |
| payments2northland.com | payments2northland.com | payments2northland.com |
| **PAYMENT AMOUNT: $42.52** | **PAYMENT AMOUNT: $42.52** | **PAYMENT AMOUNT: $42.52** |
| Due Date: 02/23/17 | Due Date: 30 days from 1st payment | Due Date: 30 days from 2nd payment |

Detach coupon and mail with payment        Detach coupon and mail with payment        Detach coupon and mail with payment